### Hub Chapman v. The State.

#### No. 3141.   Decided March 8, 1905.

**1.—Simple Assault—Requested Charge—Self-Defense.**

Where the evidence on trial for assault showed that the prosecutor struck the first lick and defendant ran and sought to avoid the difficulty, being followed by prosecutor, it was immaterial whether defendant struck the blow, after he was struck by prosecutor, at the inception or termination of the difficulty, and the court should have submitted the requested charge on self-defense.

**2.—Same—Mutual Combat—Charge of Court.**

See opinion for facts which did not raise the issue of mutual combat and the court erred in charging on that subject.

Appeal from the County Court of Baylor.   Tried below before Hon. B. M. Britain.

Appeal from a conviction of simple assault; penalty, a fine of $10.

The opinion states the case.

*Glasgow & Kenan,* for appellant.—Scott v. State, 10 Texas Crim. App., 112; Bishop v. State, 43 Texas, 390; Heath v. State, 7 Texas Crim. App., 464.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for simple assault, a fine imposed being $10. The following charge was given, at the instance of the State: "You are charged that if the transaction was a mutual combat, both parties entering into it willingly, each are guilty of an assault." Exception was reserved, and the following charge requested: "If the jury believe from the evidence in this case that Will Acrey struck defendant first, and that defendant fought in defense of himself, then you will find defendant not guilty." This was refused and exception reserved. These exceptions were in the motion for new trial.

This difficulty came up or was the outgrowth of some reports in the neighborhood to the effect that appellant should have stated, that he had seen John Hawley kiss Miss Harrison. Without going into the details in regard to this phase of the case, it led to a visit to Roberson's residence and an interview with Mrs. Roberson. Mrs. Roberson denied making the statement, but said she had been told that such report was circulated. This brought up some sharp words between appellant and some of the other parties in the residence of Roberson; and at the suggestion of appellant they left the house and went out into the yard. After getting into the yard some thirty steps from the house, Howard Harrison and appellant stood facing each other, and Acrey, the alleged assaulted party, stood to their side. Howard Harrison said to appellant, "How about it Hub?" Hub said, "I did not say it." Acrey then said to appellant, "You said that you kissed Addie Roberson, didn't you?" He turned to Acrey and pulled his hand out of his pocket, and said, "No." Acrey struck him, and appellant struck back. When Acrey struck him he had his knife in his hand but closed. Acrey swears that appellant's first blow struck him on his left arm, just inside of the top of the arm. After the difficulty it appears Acrey was struck at this point, and the wound seems to have been inflicted with a knife. Appellant testified in regard to this part of the transaction, and denied making any remarks about Miss Harrison at any time. Acrey was standing to the left of appellant, and remarked to appellant, "You told that you had kissed Addie Roberson, didn't you?" Appellant turned his face towards Acrey, who struck appellant with something just above the left ear, and came very near knocking him down, and continued to beat him over the head. Appellant started to run, and Acrey followed and kept beating him. Appellant begged the crowd to prevent and keep Acrey from beating him, and kept running. Acrey continued to beat him. No one interfered between the parties. Acrey cut a gash across the right side of appellant's head, and raised a knot on the left side of the head. He continued to run, Acrey pursuing and hitting him a number of times over the head. Acrey finally caught him near the lot, and was beating him over the head, when appellant got out his knife, caught Acrey around the body, with the knife in hand, and Jim Roberson caught hold of appellant and wrenched the knife out of his hand. Appellant testified he did not get hold of his knife until after Acrey had beaten him a number of times, and just before Roberson took the knife from him he struck Acrey with the knife as he was running on him again and cut him somewhere in front; he thought in the arm. He says this was the only blow that he struck with the knife; and that he did not have the knife in his hand until the time Roberson took it from him. This is a sufficient statement of the case.

Under this state of facts we do not believe the issue of mutual combat was raised, and it was error for the court to so charge the jury. Appellant's requested charge on self-defense should have been given. It is clear from this statement that Acrey struck the first lick, and

struck him with his closed knife on his head, and continued beating him. Whether appellant struck Acrey at the inception of the difficulty or about its termination would make little difference. Acrey was the assailant, and under all the facts appellant sought to avoid the difficulty and ran and continued running until Acrey overtook him the last time. So, whether appellant struck the blow after he was struck by Acrey, and the wound inflicted at the inception of the difficulty, or whether he used his knife near the termination of the difficulty, would not eliminate the question of self-defense. He was clearlv entitled to the charge, and it was error to refuse it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.